EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Julio Francisco Juliá Padró; Stella Maris Molina, et al. | Certiorari |
| Demandantes-Recurridos | |
| v. | 2001 TSPR 15 |
| Epifanio Vidal, S.E.; Herederos Vidal Nadal y otros | |
| Demandados-Peticionarios | |

Número del Caso: CC-2000-423

Fecha: 14/febrero/2001

Tribunal de Circuito de Apelaciones:

Circuito Regional II

Panel integrado por su Presidente, Juez Gierbolini y los Jueces Cordero y Hernández Torres

Abogado de la Parte Peticionaria:

Lcdo. Mario A. Rodríguez Torres

Abogado de la Parte Recurrida:

Lcdo. Víctor M. Rivera Torres

Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Julio Francisco Juliá
Padró; Stella Maris Molina,
et al.

    Demandantes-recurridos

       vs.                CC-2000-423      CERTIORARI

Epifanio Vidal, S.E.;
Herederos Vidal Nadal y
otros

    Demandados-recurrentes

Opinión del Tribunal emitida por el Juez Asociado SEÑOR REBOLLO LOPEZ

San Juan, Puerto Rico, a 14 de febrero de 2001

El 23 de agosto de 1996, Julio Francisco Juliá Padró, Stella Maris Molina Rosario y la Sociedad Legal de Gananciales compuesta por ambos, demandaron, ante la Sala Superior de Bayamón del Tribunal de Primera Instancia, a Epifanio Vidal, S. E. y a Herederos Vidal Nadal, Inc., entre otros, alegando nulidad de contrato por vicios en el consentimiento y en solicitud de interdicto y resarcimiento por daños y perjuicios. Los demandados, luego de ser emplazados el 26 de agosto de 1997, contestaron la demanda y presentaron, a su vez, una reconvención alegando incumplimiento de contrato y cobro de dinero.

Finalizado el descubrimiento de prueba, los demandados solicitaron que se dictara sentencia sumaria a su favor, a lo cual se opusieron los demandantes. Trabada dicha controversia, y sometida la misma para resolución, el tribunal de instancia emitió una sentencia sumaria parcial, el 21 de septiembre de 1999, en la cual denegó la solicitud de los demandados de decretar la nulidad del contrato mediante sentencia sumaria y desestimó la causa de acción sobre cobro de dinero que los demandados habían presentado, mediante reconvención, contra los demandantes.

El tribunal de instancia, en la sentencia que emitiera, expresamente ordenó el archivo de la reconvención radicada por los demandados y expresamente hizo constar que no existía razón para posponer dictar sentencia hasta tanto se resolviera la totalidad del pleito; acto seguido ordenó que se registrara y notificara dicha sentencia sumaria parcial. La misma fue notificada el 4 de octubre de 1999.

Inconformes con dichas actuaciones, el 13 de octubre de 1999 los demandados oportunamente solicitaron determinaciones de hechos adicionales, ello al amparo de las disposiciones de la Regla 43.3 de Procedimiento Civil; además, el 18 de octubre de 1999, los demandados presentaron, igualmente en tiempo, una moción de reconsideración solicitando que se dejase sin efecto la sentencia sumaria parcial por considerar que existían controversias de hechos sustanciales que debían ser evaluadas en una vista en su fondo.

El 3 de noviembre de 1999 los demandados presentaron "petición de certiorari" ante el Tribunal de Circuito de Apelaciones en solicitud de revisión de la sentencia sumaria parcial notificada el 4 de octubre de 1999. Al momento de presentarse dicha petición, el tribunal de instancia no había resuelto ni notificado determinación alguna sobre la moción de determinaciones adicionales de hechos bajo la Regla 43.3 de Procedimiento Civil. Posteriormente, el 5 de noviembre de 1999, el tribunal de instancia notificó el archivo en autos de copia de la resolución en que denegó dicha moción; denegó, además, la moción de reconsideración sin expresión alguna.

Por su parte, el Tribunal de Circuito de Apelaciones acogió el recurso radicado como uno de apelación, partiendo de la premisa de que el dictamen

recurrido constituía una sentencia final, revisable mediante dicho recurso. El 9 de marzo de 2000, dicho tribunal dictó sentencia mediante la cual desestimó el recurso, sin perjuicio, por prematuro.[1]

**Ello no obstante, el tribunal apelativo intermedio determinó, en la antes mencionada sentencia, que el tribunal de primera instancia había actuado sin jurisdicción al notificar, el 5 de noviembre de 1999, su resolución mediante la cual se denegó la solicitud de determinaciones de hechos adicionales, por el hecho de que ya se había presentado el recurso de apelación, ordenándole al tribunal de primera instancia que procediera a archivar en autos y notificara nuevamente la resolución respecto a la moción de solicitud de determinaciones de hechos adicionales.**

Ambas partes solicitaron reconsideración de la sentencia antes mencionada. Los demandantes alegaron que el tribunal de instancia había actuado con jurisdicción al notificar la resolución el 5 de noviembre de 1999. Los demandados, por su parte, sostuvieron que el recurso no era prematuro. Ambas mociones de reconsideración fueron denegadas por el tribunal apelativo intermedio, mediante resoluciones notificadas los días 30 de marzo y 5 de abril de 2000.

El 7 de abril de 2000, los demandantes radicaron un escrito titulado "Escrito Suplementario a solicitud de reconsideración y sometiendo opinión Per Curiam del Tribunal Supremo de Puerto Rico de fecha 27 de marzo de 2000", escrito que fue acogido por el tribunal apelativo en resolución archivada en autos y notificada el 26 de abril de 2000.

El 5 de mayo de 2000 recurrieron ante este Tribunal, los demandados Epifanio Vidal, S. E. Y Herederos Vidal Nadal, Inc., mediante petición de certiorari, en la que plantean que:

> **"Erró el Tribunal de Circuito de Apelaciones al determinar que no tenía jurisdicción para atender el recurso de certiorari por haberse presentado prematuramente."**

Examinada la solicitud de certiorari radicada por la parte demandada-peticionaria, el 16 de junio de 2000 emitimos una Resolución

---

[1] **Igual suerte corrió una petición de certiorari que había sido presentada por la codemandada Junta de Condóminos del**

concediéndole a la parte demandante-recurrida el término de veinte (20) días para mostrar causa por la cual este Tribunal no debía expedir el auto y dictar Sentencia revocatoria de la resolución emitida por el Tribunal de Circuito de Apelaciones en el presente caso. La parte demandante compareció en cumplimiento de la antes mencionada orden de mostrar causa. Estando en posición de resolver el recurso radicado, procedemos a así hacerlo.

I

Reiteradamente hemos resuelto que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, viniendo obligados, incluso, a considerar dicho asunto aun en ausencia de señalamiento a esos efectos por las partes, esto es, *motu proprio*. Véase: <u>Vázquez</u> v. <u>A.R.P.E.</u>, 128 D.P.R. 153 (1991); <u>Martínez</u> v. <u>Junta de Planificación</u>, 109 D.P.R. 839 (1980); <u>Sociedad de Gananciales</u> v. <u>A.F.F.</u>, 108 D.P.R. 644 (1979).

Debido a ello es que atendemos, <u>de entrada</u>, el señalamiento de la parte demandante a esos efectos. Argumenta dicha parte que carecemos de jurisdicción para entender en el presente recurso debido al hecho de que, al momento de la radicación del mismo, estaba pendiente de resolución una "segunda" moción de reconsideración que dicha parte demandante había radicado ante el Tribunal de Circuito de Apelaciones.[2] <u>No tiene razón</u>. Veamos por qué.

No debe haber duda alguna sobre el hecho de que la <u>oportuna</u> presentación de una moción de reconsideración ante el Tribunal de Circuito de Apelaciones <u>interrumpe</u> el término que tienen las partes para recurrir

---

**Condominio el Cantón Mall el 2 de noviembre de 1999.**
**[2] Como señalamos en la relación de hechos, el Tribunal de Circuito de Apelaciones dictó sentencia, desestimatoria del recurso que ante dicho foro judicial había radicado la parte demandada, el día 9 de marzo del 2000. Ambas partes solicitaron reconsideración, de dicha sentencia, siendo declarada sin lugar la última de éstas, el día 5 de abril de 2000. Dos días más tarde, la parte demandante radicó un escrito --el cual, a todas luces, era una <u>segunda</u> moción de reconsideración-- solicitud de reconsideración que fue "acogida" por el foro apelativo intermedio. El 5 de mayo de 2000, la parte demandada acudió --vía certiorari-- ante este Tribunal en revisión de la sentencia emitida el 9 de marzo de 2000.**

en alzada ante este Tribunal en revisión de una sentencia emitida por el foro apelativo intermedio. Hernández v. Marxuach Construction Co., res. el 3 de febrero de 1997; 142 D.P.R.__(1977); Regla 53.1(h) de las Reglas de Procedimiento Civil. Dicho término se reactiva, naturalmente, cuando el foro apelativo intermedio resuelve definitivamente la referida moción de reconsideración; esto es, el referido término comienza a contarse de nuevo a partir del archivo en autos de copia de la notificación de la resolución o sentencia del Tribunal de Circuito resolviendo definitivamente la moción de reconsideración.

En el caso que ocupa nuestra atención, sin embargo, nos enfrentamos al hecho de que la parte demandante-recurrida presentó ante el tribunal apelativo una moción *post* sentencia que, en esencia, constituye una segunda moción de reconsideración, luego de denegada la primera. Debemos resolver, en consecuencia, si el Tribunal de Circuito de Apelaciones tenía autoridad para acoger dicha moción y si la presentación de la misma interrumpió el término para recurrir ante este Tribunal.

Debe señalarse, y enfatizarse, que la Regla 84 (d) del Reglamento del Tribunal de Circuito de Apelaciones, dispone que:

> "No se permitirá la presentación de más de una moción de reconsideración por la misma parte, de haber sido denegada la primera." 4 L.P.R.A. Ap. XXII--A, R. 84. (Enfasis suplido.)

Es evidente que tal regla autoriza a cada una de las partes litigantes a presentar una moción de reconsideración respecto a las decisiones o determinaciones del tribunal apelativo, la cual, de ser denegada, sólo da lugar a que se recurra, dentro del plazo reglamentario y con el recurso apropiado, ante este Tribunal. En vista de lo establecido por la antes descrita Regla 84(d), resulta claro que el Tribunal de Circuito de Apelaciones carecía de jurisdicción para acoger, luego de denegada la primera moción de reconsideración presentada por la parte demandante-recurrida, una segunda moción de reconsideración presentada por la misma parte. Esto es, la moción titulada "Escrito Suplementario a solicitud de reconsideración y sometiendo opinión Per Curiam del Tribunal Supremo de Puerto Rico de fecha 27 de marzo de 2000", constitutiva de una

segunda moción de reconsideración de una misma parte, <u>no tuvo efecto interruptor alguno de los términos para recurrir en petición de certiorari ante este Tribunal</u>. En consecuencia, este Tribunal <u>tiene jurisdicción</u> para atender dicha petición.

II

En apoyo a su único señalamiento de error, la parte demandada-recurrente alega que el recurso radicado ante el Tribunal de Circuito de Apelaciones no era prematuro, y que, por lo tanto erró dicho tribunal al decretar lo contrario. Alega que la determinación del tribunal de primera instancia, fechada el 21 de septiembre de 1999 y notificada el 4 de octubre de 1999, es en esencia, una resolución interlocutoria, independientemente de que haya sido denominada como "Sentencia Sumaria Parcial", pues dicha determinación alegadamente no puso fin a la controversia entre las partes mediante una adjudicación final. Por lo tanto, argumenta que el término para recurrir en certiorari ante el Tribunal de circuito de Apelaciones era de treinta días a partir del 4 de octubre de 1999. Alega, además, que la moción de determinaciones de hechos adicionales no tuvo efecto interruptor alguno, pues las Reglas de Procedimiento Civil no autorizan su presentación contra resoluciones interlocutoras. En consecuencia, sostiene que el recurso de certiorari radicado ante el tribunal apelativo el 3 de noviembre de 1999 fue radicado correcta y oportunamente. <u>No le asiste la razón</u>.

**La sentencia sumaria parcial en controversia se dictó al amparo de las disposiciones de la Regla 43.5 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.5, la cual dispone que:**

> **"Cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra tercero o figuren en él partes múltiples, el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, siempre que concluya expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones hasta la resolución total del pleito, y siempre que ordene expresamente que se registre sentencia.**
>
> **Cuando se haga la referida conclusión y orden expresa, la sentencia parcial dictada será final para todos los fines en cuanto a la controversia en ella adjudicada, y una vez sea**

> registrada y se archive en autos copia de su notificación, comenzarán a correr en lo que a ella respecta los términos dispuestos en las Reglas 47, 48 y 53.
>
> En ausencia de la referida conclusión y orden expresa, cualquier orden o cualquier otra forma de decisión, no importa cómo se denomine, que adjudique menos del total de las reclamaciones, no terminará el pleito con respecto a ninguna de las reclamaciones y la orden u otra forma de decisión estará sujeta a reconsideración por el tribunal que la dicte en cualquier momento antes de registrarse sentencia adjudicando todas las reclamaciones."

Indudablemente, el caso de autos comprendía más de una reclamación; existía una demanda y una reconvención. El tribunal de instancia, luego de analizar la situación, decidió poner fin a la reclamación de cobro de dinero que los demandados habían presentado mediante reconvención, denegando la misma. Luego, concluyó <u>expresamente</u> que no existía razón para posponer dictar sentencia sobre tal reclamación hasta la resolución total del pleito y ordenó que se registrara la sentencia.

No cabe duda que el tribunal sentenciador procedió correctamente al denominar su dictamen como "Sentencia Sumaria Parcial", pues en todo su proceder cumplió a cabalidad con las exigencias de la Regla 43.5 de Procedimiento Civil. Por lo tanto, la radicación de la moción de determinaciones de hechos adicionales --la cual era jurídicamente procedente-- <u>interrumpió</u> el plazo para recurrir en apelación al Tribunal de Circuito de Apelaciones. <u>Evidentemente, el recurso radicado ante dicho tribunal, cuando aún estaba pendiente de resolverse la moción de determinaciones de hechos adicionales en el tribunal de instancia, fue prematuro</u>. Veamos.

En <u>Rodríguez Díaz</u> v. <u>Zegarra</u>, res. el 27 de marzo de 2000, 2000 TSPR 51, atendimos, y resolvimos, una controversia similar. En aquella ocasión acentuamos que una oportuna y bien formulada solicitud de determinaciones de hechos adicionales --<u>Andino</u> v. <u>Topeka</u>, res. en 10 de abril de 1997, 142 D.P.R.__(1997)--, interrumpe, entre otros, los términos para interponer una apelación, certiorari o recurso de certificación. Según la Regla 43.4 de Procedimiento Civil, dichos términos comienzan a correr nuevamente tan pronto se archive en autos copia de la notificación de la resolución emitida

por el tribunal de instancia resolviendo la referida moción[3]. En otras palabras, es a partir de la fecha en que el tribunal de primera instancia resuelve, y notifica, la resolución resolviendo la moción solicitando determinaciones de hechos y conclusiones de derecho, que comienza a correr, otra vez, el término jurisdiccional de treinta (30) días para el interesado recurrir en apelación al Tribunal de Circuito de Apelaciones.

Como bien resolvió el referido Tribunal de Circuito, la presentación del escrito acogido como apelación, presentado por la parte demandada-recurrente, antes de que el tribunal de instancia resolviera la moción sobre determinaciones de hechos adicionales, <u>fue obviamente prematura</u>.

Una apelación o un recurso prematuro, al igual que uno tardío, sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. <u>Hernández Apellaniz</u> v. <u>Marxuach Construction Co.</u>, res. el 3 de febrero de 1997, 142 D.P.R.__ (1997); <u>Pérez Marrero</u> v. <u>C.R. Jiménez, Inc.</u>, res. el 20 de abril de 1999, 99 TSPR 59. Como tal, <u>su presentación carece de eficacia y no produce ningún efecto jurídico</u>, pues en el momento de su presentación <u>no</u> hay autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. <u>Pueblo</u> v. <u>Santana Rodríguez</u>, res. el 25 de mayo de 1999, 99 TSPR 81.

<u>Por otro lado</u>, específicamente resolvimos en <u>Rodríguez Díaz</u> v. <u>Zegarra</u>, ante, que:

> "Si el Circuito <u>no</u> tenía jurisdicción para entender en la apelación, <u>tampoco</u> la tenía para, usando como base las

---

[3] Es de notar, además, que la Regla 53.1(g), dispone que el término para apelar se interrumpirá por la oportuna presentación de una moción formulada de acuerdo con cualquiera de las reglas que a continuación se enumeran, y comenzará a computarse desde que se archive en autos copia de la notificación de cualquiera de las siguientes órdenes en relación con dichas mociones:

> "(1) En las apelaciones al Tribunal de Circuito de Apelaciones provenientes del Tribunal de Primera Instancia, declarando con lugar o denegando una moción bajo la Regla 43.3 para enmendar o hacer determinaciones iniciales o adicionales de hechos, fuere o no necesaria una modificación de la sentencia si se declarare con lugar la moción."

precitadas Reglas 53.9(a) de Procedimiento Civil y 18 de su Reglamento, <u>ordenar a Instancia que resolviera de nuevo la moción solicitando determinaciones de hechos adicionales que estaba pendiente al radicarse la apelación</u>.

El efecto suspensivo que reconocen ambas reglas está apuntalado en la premisa de que el foro apelativo tiene jurisdicción en virtud de la apelación interpuesta. Lógicamente, de carecerla por prematura, como en el caso de autos, la apelación no tiene el efecto suspensivo visualizado en esa normativa." (Enfasis suplido.)

Forzoso es concluir que la petición de certiorari, radicada en el presente caso ante el tribunal apelativo intermedio por la parte demandada y acogida por dicho foro judicial como apelación, <u>fue radicada prematuramente y que dicho Tribunal carecía de jurisdicción para expresarse, y resolver, la cuestión planteada en la misma. Sólo tenía autoridad para expresar que no tenía jurisdicción sobre el caso</u>.

### III

Por los fundamentos antes expuestos, procede expedir el auto de certiorari y dictar Sentencia <u>modificatoria</u> de la emitida por el Tribunal de Circuito de Apelaciones para dejar sin efecto la orden del foro apelativo intermedio al tribunal de instancia, para que archivara en autos y notificara nuevamente su resolución de la moción de solicitud de determinaciones de hechos adicionales del presente caso, para lo cual carecía de jurisdicción conforme la norma pautada en <u>Rodríguez Díaz</u> v. <u>Zegarra</u>, ante. Se <u>confirma</u> la sentencia recurrida en cuanto se dispuso que el foro intermedio apelativo carecía de jurisdicción sobre el caso de autos, <u>por prematuro</u>.

Se dictará Sentencia de conformidad.

**FRANCISCO REBOLLO LÓPEZ**
**Juez Asociado**

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

Julio Francisco Juliá
Padró; Stella Maris Molina,
et al.

    Demandantes-recurridos

       vs.                  CC-2000-423      CERTIORARI

Epifanio Vidal, S.E.;
Herederos Vidal Nadal y
otros

    Demandados-recurrentes

**SENTENCIA**

San Juan, Puerto Rico, a 14 de febrero de 2001

        Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se expide el auto y se dicta Sentencia <u>modificatoria</u> de la emitida por el Tribunal de Circuito de Apelaciones en el presente caso, para dejar sin efecto la orden del foro apelativo intermedio al tribunal de instancia, para que archivara en autos y notificara nuevamente su resolución de la moción de solicitud de determinaciones de hechos adicionales del presente caso, para lo cual carecía de jurisdicción conforme la norma pautada en <u>Rodríguez Díaz</u> v. <u>Zegarra</u>, ante. Se <u>confirma</u> la sentencia recurrida en cuanto se dispuso que el foro apelativo intermedio carecía de jurisdicción sobre el caso de autos, <u>por prematuro</u>.

        Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri concurre en el resultado sin opinión escrita. El Juez Presidente señor Andréu García no interviene.

                    Isabel Llompart Zeno
              Secretaria del Tribunal Supremo