| | | |
|---|---|---|
| ESTADO LIBRE ASOCIADO DE PUERTO RICO TRIBUNAL DE APELACIONES PANEL III | | |
| GOTHAMS ENERGY, LLC<br><br>Recurrente<br><br><br>V.<br><br><br>AUTORIDAD DE ENERGÍA ELÉCTRICA; AUTORIDAD DE ALIANZAS PÚBLICO PRIVADAS; NEGOCIADO DE ENERGÍA DE PUERTO RICO; OFICINA DE ADQUISICIÓN DE PROYECTOS PÚBLICOS PRIVADOS<br><br>Recurridos | TA2025RA00057 | Revisión Judicial procedente de la Junta Reglamentadora de Servicio Público, Negociado de Energía de Puerto Rico<br><br>Caso Núm.: NEPR-MI-2024-0005<br><br>Sobre: Resolución y Orden Respecto a la Adquisición de Nueva Generación Temporera |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico a 17 de julio de 2025.

### I.

Comparece a este Tribunal Apelativo la empresa Gothams Energy, LLC, (en adelante Recurrente), mediante Revisión Judicial del proceso de licitación y consecuente adjudicación del "Request For Proposal" identificado bajo el número RFP 3PPO-0314-20-TPG, que trata sobre la generación de emergencia de 800MW de electricidad. Dicha adjudicación fue notificada el 16 de junio de 2025 por la Oficina de Adquisición de Proyectos Públicos Privados, en adelante parte Recurrida o "3PPO", quienes operan en representación de las Recurridas Autoridad de Energía Eléctrica; la

Autoridad para las Alianzas Público-Privadas; y Genera PR, LLC.

En adición, los recurrentes solicitaron la paralización de los procedimientos de contratación luego de la adjudicación mediante *Moción en Auxilio de Jurisdicción*, la cual fuera declarada Ha Lugar por este mismo panel mediante Resolución a esos efectos el 9 de julio de 2025.

El 12 de julio de 2025, la recurrida "3PPO", presentó una *Comparecencia Especial de la Oficina de Adquisiciones de Terceros*[1], mediante la cual expone que, independientemente de la adjudicación que fuera efectuada, se va a proceder a reabrir el proceso de licitación por el concepto de la generación de emergencia, ya que el Negociado de Energía de Puerto Rico ordenó[2] que cualquier contrato adjudicado bajo el RFP 3PPO-0314-20-TPG fuera ejecutado por un término fijo de diez años, con una tarifa energética distinta a las cuales se evaluaron las propuestas originales. Al ser un cambio material respecto a aquellos que fueran divulgados a los proponentes originales, 3PPO debe iniciar el proceso nuevamente.

El 14 de julio de 2025, este Tribunal dictó una Orden a los recurridos para que sometieran evidencia de que se había reabierto el proceso de licitación y que se dejó sin efecto la adjudicación impugnada.

En la tarde del 16 de julio de 2025, 3PPO presentó *Moción en Cumplimiento de Resolución y Orden*, incluyendo como anejos un documento intitulado "*Notice*

---

[1] Véase Entrada 8 del expediente electrónico.
[2] Según se desprende de la misma moción referida, la Resolución y Orden llevan la designación NEPR-MI-2024-0005. Íd.

*of Opportunity to Submit Revised Proposal"*, dirigida a todos los licitadores del RFP 3PPO-0314-20-TPG, así como las capturas de pantalla del sistema "PowerAdvocate" donde se indica que el evento el RFP 3PPO-0314-20-TPG está cerrado, y que ha comenzado el trámite del RFP 3PPO-0314-20-TPG2.

Ante este panorama, y la documentación sometida, procedemos a resolver el recurso ante nuestra consideración.

## II.

La doctrina de academicidad es uno de los pilares del concepto de justiciabilidad, mediante el cual los tribunales delimitan sus funciones. Un caso se torna académico cuando por el transcurso del tiempo, debido a cambios en los hechos o en el Derecho durante el trámite del litigio, el mismo pierde su carácter adversativo y el remedio que pudiese concederse no tendrá efectos prácticos. *Angueira v J.L.B.P.* 150 DPR 10 (2000); *Misión Ind. P.R. v. J.P.*, 146 DPR 64 (1998); *E.L.A. v. Aguayo*, 80 DPR 554 (1958). Esta norma persigue evitar el uso innecesario de recursos judiciales y evitar pronunciamientos o precedentes innecesarios. *Comisión Estatal de Elecciones v. Departamento de Estado*, 134 DPR 927 (1993).

Al determinar si un caso es académico, es esencial determinar si la decisión emitida tendrá efectos prácticos sobre la controversia existente. De no ser así, el tribunal debe abstenerse de considerarlo en sus méritos, ya que un dictamen sobre un caso que se ha tornado académico constituiría una opinión consultiva. *Angueira v J.L.B.P., supra;*

*Comisión Estatal de Elecciones v. Departamento de Estado*, *supra.*

Al evaluar la academicidad de un caso es necesario examinar los eventos anteriores, próximos y futuros, de manera que se pueda determinar si la controversia perdura durante el transcurso de todo el trámite judicial. *Pres. del Senado*, 148 DPR 737 (1999); *Comisión Estatal de Elecciones v. Departamento de Estado*, *supra*. De igual forma, en *P.P.D. v. Gobernador I*, 139 DPR 643 (1995), nuestro más alto Foro expresó que un caso académico es "uno en [el] que se trata de obtener... una sentencia sobre un asunto, que al dictarse, por alguna razón no podrá tener efectos prácticos sobre una controversia existente...". *Id*.

Como corolario de lo antes expuesto, el Reglamento de este Tribunal de Apelaciones dispone en la Regla 83(B)(5), 4 LPRA XXII-A, que una parte podrá solicitar en cualquier momento la desestimación de un recurso porque el recurso se ha convertido en académico. Igualmente, la Regla 83(C) nos autoriza a desestimar un recurso por los motivos consignados en el inciso (B) de la Regla 83. Es menester señalar que un tribunal apelativo no puede atender un recurso que se ha tornado académico porque carece de jurisdicción para así hacerlo. Su presentación no tiene efectividad jurídica alguna. *Juliá, et al. v. Vidal*, *S.E.*, 153 DPR 357 (2001).

Los tribunales pierden su jurisdicción sobre un caso por academicidad cuando ocurren cambios durante el trámite judicial de una controversia particular que

hacen que ésta pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia. "Con esta limitación sobre el poder de los tribunales, se persigue evitar el uso innecesario de los recursos judiciales y obviar pronunciamientos autoritativos de los tribunales que resulten superfluos". *C.E.E. v. Depto. de Estado*, 134 DPR 927 (1993).

## III.

Como expusimos al principio de esta Sentencia, el estado de los procedimientos y de los eventos subsiguientes a la presentación del recurso ante nos, al evaluarlos a la luz del derecho aplicable, nos ha privado de la jurisdicción sobre la adjudicación del RFP 3PPO-0314-20-TPG, ya que la misma quedó sin efecto y se procedió al trámite de recibir nuevas propuestas a los fines de llevar a cabo una nueva adjudicación.

## IV.

Por los fundamentos expresados, ***desestimamos*** el recurso de Revisión Judicial por falta de jurisdicción, ya que la controversia se tornó académica. De igual forma, se levanta la paralización ordenada el 9 de julio de 2025 por esta resultar inoficiosa en virtud de la decisión que hoy tomamos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones