ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| PUERTO RICO ASPHALT, LLC<br><br>Parte Recurrente<br><br>V.<br><br>MUNICIPIO AUTÓNOMO DE AGUAS BUENAS<br><br>Parte Recurrida | TA2025RA00036 | Revisión Judicial procedente del Tribunal de Primera Instancia de Aguas Buenas<br><br>Caso Núm.: 008MAAB2025<br><br>Sobre:<br><br>Código Municipal de Puerto Rico |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico a 22 de julio de 2025.

I.

Comparece a este Tribunal Apelativo la empresa Puerto Rico Asphalt, LLC, (en adelante Recurrente), mediante Revisión Judicial del proceso de licitación y consecuente adjudicación de la Junta de Subastas del Municipio Autónomo de Aguas Buenas de la Subasta 008-MAAB-2024-2025, Renglón I.

El 15 de julio de 2025, la recurrida Municipio Autónomo de Aguas Buenas le informó a este Tribunal que "la adjudicación de la subasta, eje de la controversia, fue revocada y se comenzará un proceso *de novo* para evaluar y seleccionar el proveedor que mejor atienda los intereses del municipio", solicitando se desestimara el Recurso presentado por academicidad.

Ese mismo día le ordenamos a la Recurrente a que mostrara causa por la cual no debíamos desestimar el recurso por academicidad, a lo cual, el 21 de julio de 2025, procedió a hacer Puerto Rico Asphalt, LLC, indicando que lo expresado por el Municipio Autónomo de Aguas Buenas es correcto, y que procede la desestimación del recurso.

Ante este panorama, procedemos a resolver el recurso ante nuestra consideración.

II.

La doctrina de academicidad es uno de los pilares del concepto de justiciabilidad, mediante el cual los tribunales delimitan sus funciones. Un caso se torna académico cuando por el transcurso del tiempo, debido a cambios en los hechos o en el Derecho durante el trámite del litigio, el mismo pierde su carácter adversativo y el remedio que pudiese concederse no tendrá efectos prácticos. *Angueira v J.L.B.P.* 150 DPR 10 (2000); *Misión Ind. P.R. v. J.P.*, 146 DPR 64 (1998); *E.L.A. v. Aguayo*, 80 DPR 554 (1958). Esta norma persigue evitar el uso innecesario de recursos judiciales y evitar pronunciamientos o precedentes innecesarios. *Comisión Estatal de Elecciones v. Departamento de Estado*, 134 DPR 927 (1993).

Al determinar si un caso es académico, es esencial determinar si la decisión emitida tendrá efectos prácticos sobre la controversia existente. De no ser así, el tribunal debe abstenerse de considerarlo en sus méritos, ya que un dictamen sobre un caso que se ha tornado académico constituiría una opinión consultiva. *Angueira v J.L.B.P., supra;*

*Comisión Estatal de Elecciones v. Departamento de Estado*, *supra*.

Al evaluar la academicidad de un caso es necesario examinar los eventos anteriores, próximos y futuros, de manera que se pueda determinar si la controversia perdura durante el transcurso de todo el trámite judicial. *Pres. del Senado*, 148 DPR 737 (1999); *Comisión Estatal de Elecciones v. Departamento de Estado*, *supra*. De igual forma, en *P.P.D. v. Gobernador I*, 139 DPR 643 (1995), nuestro más alto Foro expresó que un caso académico es "uno en [el] que se trata de obtener... una sentencia sobre un asunto, que al dictarse, por alguna razón no podrá tener efectos prácticos sobre una controversia existente...". *Id*.

Como corolario de lo antes expuesto, el Reglamento de este Tribunal de Apelaciones dispone en la Regla 83(B)(5), 4 LPRA XXII-A, que una parte podrá solicitar en cualquier momento la desestimación de un recurso porque el recurso se ha convertido en académico. Igualmente, la Regla 83(C) nos autoriza a desestimar un recurso por los motivos consignados en el inciso (B) de la Regla 83. Es menester señalar que un tribunal apelativo no puede atender un recurso que se ha tornado académico porque carece de jurisdicción para así hacerlo. Su presentación no tiene efectividad jurídica alguna. *Juliá, et al. v. Vidal*, *S.E.*, 153 DPR 357 (2001).

Los tribunales pierden su jurisdicción sobre un caso por academicidad cuando ocurren cambios durante el trámite judicial de una controversia particular que

hacen que ésta pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia. "Con esta limitación sobre el poder de los tribunales, se persigue evitar el uso innecesario de los recursos judiciales y obviar pronunciamientos autoritativos de los tribunales que resulten superfluos". *C.E.E. v. Depto. de Estado*, 134 DPR 927 (1993).

## III.

Como expusimos al principio de esta Sentencia, el estado de los procedimientos y de los eventos subsiguientes a la presentación del recurso ante nos, al evaluarlos a la luz del derecho aplicable, nos ha privado de la jurisdicción sobre la adjudicación de la subasta 008-MAAB-2024-2025, Renglón I, ya que la misma quedó sin efecto y se procedió al trámite de recibir nuevas propuestas a los fines de llevar a cabo una nueva adjudicación.

## IV.

Por los fundamentos expresados, ***desestimamos*** el recurso de Revisión Judicial por falta de jurisdicción, ya que la controversia se tornó académica.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones