Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| CARLOS MORALES COLÓN<br><br>Peticionario<br><br>v.<br><br>ROQUE MORALES MUÑIZ Y OTROS<br><br>Recurrida | TA2026CE00106 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>BY2018CV04897<br><br>Sobre:<br>Desahucio, Cobro de Dinero (Ordinario) |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de enero de 2026.

Comparece Carlos Morales Colón (en adelante, peticionario) mediante un recurso de *certiorari* presentado el 27 de enero de 2026, para solicitarnos la revisión de una *Orden* emitida y notificada el 9 de septiembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón.[1] Luego de revisar la totalidad de los autos hemos determinado eximir a la parte recurrida de presentar su posición al recurso. Esto, en virtud de la Regla 7 (B) (5) de este Tribunal la cual nos permite prescindir de los términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante nuestra consideración, con el propósito de lograr el más justo y eficiente despacho, y proveer el más amplio acceso al tribunal.[2]

Sabido es que, como cuestión de umbral, esta Curia tiene el deber de auscultar su propia jurisdicción para entender en un

---

[1] Sistema Unificado de Manejo y Administración de Casos, (SUMAC TPI), a la Entrada Núm. 130.

[2] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a la pág. 47, 215 DPR __ (2025).

recurso. Esto, dado a que, si un tribunal carece de jurisdicción, no puede hacer más que así declararlo y desestimar la reclamación sin entrar en sus méritos.[3]

El Reglamento de este Tribunal de Apelaciones es claro en que el recurso de *certiorari* para revisar cualquier resolución, orden o dictamen revisable por esta vía de conformidad con la ley, se formalizará mediante la presentación de una solicitud dentro de los treinta (30) días siguientes a la fecha del archivo en autos de la copia de la notificación de la resolución u orden recurrida, a menos que alguna ley especial aplicable disponga un término distinto.[4]

Surge del expediente que la *Orden* recurrida se notificó el **9 de septiembre de 2025**, de manera que el peticionario tenía hasta el **9 de octubre de 2025**, para acudir ante este foro apelativo. No obstante, lo anterior, el peticionario presentó este recurso luego de **ciento cuarenta (140) días**, de haberse notificado la referida orden. Siendo así, esta Curia no tiene facultad para atender este recurso.

Es harto conocido que una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardíamente. Un recurso de revisión tardío es aquel que se presenta fuera del término disponible para ello.[5] Consecuentemente, este recurso adolece del grave e insubsanable defecto de falta de jurisdicción.[6] Entiéndase que, su presentación carece de eficacia y no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.[7]

Conviene mencionar que, luego de revisar los autos ante el Sistema Unificado de Manejo y Administración de Casos en el Tribunal de Primera Instancia, aun si tomáramos por cierto que el

---

[3] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 109-110; *R&B Power, Inc. v. Junta de Subasta ASG*, supra, a la pág. 698.

[4] Regla 32 (C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, supra, a la pág. 47.

[5] *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015).

[6] *Julia et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366 (2001).

[7] *Íd.,* a la pág. 367.

peticionario acude a este Tribunal de la última *Orden* emitida por el foro primario, su recurso seguiría siendo tardío. Esto, ya que esta *Orden* fue notificada el 13 de noviembre de 2025.[8] Es decir, hace setenta y cinco (75) días.

Por todo lo antes expuesto, nos es forzoso *desestimar este recurso por haberse presentado de manera tardía*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[8] SUMAC TPI, a la Entrada Núm. 140.