Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>FREDDY MATOS TORRES<br><br>Peticionario | KLCE202400181 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Criminal Núm.: ISCR201100538 (201)<br><br>Sobre: Art. 193 CP |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de febrero de 2024.

Comparece ante nos el señor Freddy Matos Torres ("Sr. Matos Torres" o "Peticionario"), por derecho propio, mediante escrito intitulado *Reclamo de nuevo juicio,* presentado el 9 de febrero de 2024. Nos solicita que revoquemos la *Sentencia* emitida y notificada el 15 de agosto de 2011, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez ("foro primario" o "foro *a quo*"). Por virtud de la misma, el foro primario condenó al Peticionario a cumplir una condena de cinco y medio años (5 ½) de cárcel por la convicción del delito de apropiación ilegal agravada en cuarto grado, instituido en el Artículo 193 del Código Penal de Puerto Rico de 2004, Ley Núm. 149 de 18 de junio de 2004, ("Código Penal de 2004").

Por los fundamentos expuestos a continuación, **desestimamos** el auto de *certiorari*, por falta de jurisdicción.

### I.

Según surge del expediente, el 2 de junio de 2011, el Sr. Matos Torres fue declarado culpable por el delito de apropiación ilegal

agravada en su cuarto grado, al amparo del Art. 193 del Código Penal de 2004, *supra.* Posteriormente, el 8 de agosto de 2011, se celebró la vista de lectura de sentencia, en la que se condenó al Peticionario a una pena de cinco y medio (5 ½) años de cárcel. A su vez, surge de la *Sentencia* que se ordenó la suspensión de la sentencia, a tenor con la *Ley de Sentencia Suspendida y Libertad a Prueba,* Ley Núm. 259 de 3 de abril de 1946, según enmendada, 34 LPRA sec. 1026, *et seq.,* ("Ley Núm. 259-1946"). La *Sentencia* fue reducida a escrito y notificada el 15 de agosto de 2011.

Mediante el recurso de epígrafe, el Peticionario nos solicita que se ordene la celebración de un nuevo juicio. Alega que su caso fue "fabricado", que no se realizó la investigación correspondiente, que utilizaron su empleo como "abuso de poder" en su contra y fue discriminado. Por lo cual, sostiene que procede la celebración de un nuevo juicio.

Examinado el recurso de epígrafe, procedemos a exponer la normativa jurídica aplicable a la controversia que aquí nos ocupa.

## II.
### A. *Jurisdicción*

Como cuestión de umbral, antes de considerar los méritos de un recurso, a este Tribunal le corresponde determinar si posee jurisdicción para atender el recurso ante su consideración. *SLG Solá-Moreno et al. v. Bengoa Becerra,* 182 DPR 675, 682 (2011). "[L]a jurisdicción es la autoridad con la que cuenta el tribunal para considerar y decidir los casos y controversias que tiene ante sí". *Miranda Correa v. DDEC et al.*, 211 DPR 738 (2023), citando a *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). "Es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción y el foro judicial *no* tiene discreción para asumir jurisdicción allí donde no la hay". *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101 (2020); *García Ramis v. Serrallés,* 171 DPR 250,

254 (2007). Esto nos impone el deber de examinar la jurisdicción antes de expresarnos.

Cuando los tribunales carecen de jurisdicción deberán así declararlo y desestimar el recurso, "pues la falta de jurisdicción no es susceptible de ser subsanada". *Báez Figueroa v. Adm. Corrección,* 209 DPR 288 (2022); *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855-856 (2009). Sobre ello, nuestra máxima Curia ha expresado lo siguiente:

> Reiteradamente hemos expresado que la ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Beltrán Cintrón et al. v. ELA et al., supra,* págs. 101-102 (Comillas y citas omitidas). Véase, además, *SLG Solá-Moreno et al. v. Bengoa Becerra, supra*, pág. 682.

Como corolario de ello, la Regla 83(C) del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), nos faculta, a iniciativa propia, a desestimar un recurso por falta de jurisdicción. "Una apelación o un recurso prematuro, al igual que uno tardío, sencillamente adolece del **grave e insubsanable** defecto de privar de jurisdicción al tribunal al cual se recurre". *Juliá et al v. Epifanio Vidal, SE*, 153 DPR 357, 366 (2001).

### B. Nuevo Juicio

La Regla 187 de Procedimiento Criminal, 34 LPRA Ap. II, R. 187, faculta a un acusado a solicitar un nuevo juicio luego de ser encontrado culpable. El tribunal podrá conceder un nuevo juicio, si se presentan cualquiera de las siguientes circunstancias:

> (a) Que se ha descubierto nueva prueba, la cual, de haber sido presentada en el juicio, probablemente habría cambiado el veredicto o fallo del tribunal, y la que no pudo el acusado con razonable diligencia descubrir y

presentar en el juicio. Al solicitar nuevo juicio por este fundamento, el acusado deberá acompañar a su moción la nueva prueba en forma de declaraciones juradas de los testigos que la aducirán.

(b) Que el veredicto se determinó por suerte o por cualquier otro medio que no fuere expresión verdadera de la opinión del jurado.

(c) Que el veredicto o fallo es contrario a derecho o a la prueba.

(d) Que medió cualquiera de las siguientes circunstancias y como consecuencia se perjudicaron los derechos sustanciales del acusado:

   (1) Que el acusado no estuvo presente en cualquier etapa del proceso, salvo lo dispuesto en la Regla 243.

   (2) Que el jurado recibió evidencia fuera de sesión, excepto la que resulte de una inspección ocular.

   (3) Que los miembros del jurado, después de retirarse a deliberar, se separaron sin el consentimiento del tribunal, o que algún jurado incurrió en conducta impropia, la cual impidió una consideración imparcial y justa del caso.

   (4) Que el fiscal incurrió en conducta impropia.

   (5) Que el tribunal erró al resolver cualquier cuestión de derecho surgida en el curso del juicio, o instruyó erróneamente al jurado sobre cualquier aspecto legal del caso o se negó erróneamente a dar al jurado una instrucción solicitada por el acusado.

(e) Que no fue posible obtener una transcripción de las notas taquigráficas de los procedimientos, debido a la muerte o incapacidad del taquígrafo o a la pérdida o destrucción de sus notas, ni preparar en sustitución de dicha transcripción una exposición del caso en forma narrativa según se dispone en las Reglas 208 y 209.

   (1) Que a una persona que padece de sordera profunda, severa, moderada o leve, o que refleja cualquier otra situación de hipoacusia o condición que le impida comunicarse efectivamente, no se le proveyó en el juicio un intérprete de lenguaje de señas, labio lectura, o algún otro acomodo razonable que garantizara la efectividad de la comunicación.

(f) El tribunal, además, concederá un nuevo juicio cuando, debido a cualquier otra causa de la cual no fuere responsable el acusado, este no hubiere tenido un juicio justo e imparcial. Regla 188 de Procedimiento Criminal, *supra,* R. 188.

La moción solicitando un nuevo juicio deberá presentarse **antes de que se dicte la sentencia,** exceptuándose los casos en los que se fundamente en el inciso (e) de la precitada Regla 188 de Procedimiento Criminal, *supra.* Véase Regla 189 de Procedimiento Criminal, *supra,* R. 189. En este caso, "deberá presentarse dentro de los treinta (30) días siguientes a la fecha en que se tuvo

conocimiento de la muerte o incapacidad del taquígrafo o de la pérdida o destrucción de sus notas, y **cuando se fundare en lo dispuesto en la Regla 192 deberá presentarse dentro de los treinta (30) días siguientes a la fecha en que se tuvo conocimiento de los nuevos hechos o de los nuevos elementos de prueba."** *Íd.* (Énfasis nuestro).

De conformidad, la Regla 192 de Procedimiento Criminal, *supra,* R. 192, dispone lo siguiente:

> También podrá el tribunal, a solicitud del acusado, conceder un nuevo juicio cuando **después de dictada la sentencia** sobreviniere el conocimiento de nuevos hechos o de nuevos elementos de prueba de tal naturaleza que evidencien la inocencia del condenado. (Énfasis nuestro).

Las precitadas Reglas 188 (a) y 192 de Procedimiento Criminal, *supra,* rigen lo relacionado con las mociones de nuevo juicio basadas en el descubrimiento de prueba nueva. Mientras la Regla 192 de Procedimiento Criminal provee un mecanismo para solicitar nuevo juicio luego de dictada la sentencia, la Regla 188(a), *supra,* dispone lo referente a solicitudes de nuevo juicio hechas antes de que se dicte sentencia. Para determinar si procede una solicitud de nuevo juicio, ya sea bajo la Regla 188(a) o la Regla 192 de Procedimiento Criminal, *supra,* es necesario que la prueba nueva: (1) no haya podido ser descubierta con razonable diligencia antes del juicio; (2) no sea meramente acumulativa; (3) no sea prueba de impugnación; (4) sea creíble; y (5) probablemente produzca un resultado diferente. *Pueblo v. Torres Feliciano,* 201 DPR 63, 71 (2018); *Pueblo v. Rodríguez,* 193 DPR 987, 998-1000 (2015); *Pueblo v. Marcano Parrilla,* 168 DPR 721, 738 (2006).

**III.**

Antes de entrar en los méritos de los reclamos presentados por la parte aquí Peticionaria, este foro tiene el deber ineludible de auscultar si ostenta jurisdicción sobre el caso ante su

consideración. *SLG Solá-Moreno et al v. Bengoa Becerra, supra.* Efectuado tal ejercicio, notamos que esta Curia carece de jurisdicción para atender el presente caso, por tal razón, nos tenemos otra alternativa que desestimarlo.

En el caso de autos, la parte Peticionaria nos solicita que se le conceda la celebración de un nuevo juicio, por la convicción del delito al que fue sentenciado el 8 de agosto de 2011. Esboza que procede un "juicio que la prensa o los medios de comunicación tengan presencia". Nos alega que le fabricaron un caso, fue discriminado, que no se realizó investigación alguna sobre los hechos en su contra y que no se cumplieron con todos los procesos de ley.

Conforme a nuestro ordenamiento, luego de que se haya dictado un fallo de culpabilidad, a solicitud del acusado o con su consentimiento, el tribunal (entiéndase Tribunal de Primera Instancia) podrá conceder un nuevo juicio. Regla 187 de Procedimiento Criminal, *supra.* El proponente de la solicitud deberá fundamentar la misma en una de las circunstancias instituidas en la Regla 188 de Procedimiento Criminal, *supra,* o en la Regla 192 del mismo cuerpo legal. La moción en la que se solicite la celebración de un nuevo juicio al amparo de la Regla 188 de Procedimiento Criminal, *supra,* deberá presentarse **antes de que se dicte la sentencia** y cuando se fundare en la Regla 192 de Procedimiento Criminal, *supra,* deberá presentarse dentro de los **treinta (30) días siguientes a la fecha en que se tuvo conocimiento de los nuevos hechos o de los nuevos elementos de prueba.** Regla 189 de Procedimiento Criminal, *supra.*

Según surge del expediente, el **2 de junio de 2011**, el Peticionario fue encontrado culpable del delito de apropiación ilegal agravada en su cuarto grado, al amparo del Art. 193 del Código Penal de 2004, *supra.* El **8 de agosto de 2011**, el foro primario dictó

*Sentencia*, en la que condenó al Sr. Matos Torres a una pena de reclusión de cinco y medio años. No obstante, se le concedió el privilegio de la sentencia suspendida, a tenor con la Ley Núm. 259-1946, *supra*. Dicha *Sentencia* fue notificada el 15 de agosto de 2011.

Como podemos observar, el **2 de junio de 2011**, el Peticionario fue convicto del delito tipificado en el Art. 193 del Código Penal de 2004, *supra* y sentenciado el **15 de agosto de 2011.** No obstante, el expediente apelativo carece de evidencia que demuestre que el Peticionario acudió ante el foro primario a solicitar un nuevo juicio. A su vez, las alegaciones del Peticionario en el presente recurso no se fundamentan en las circunstancias provistas en la Regla 188 de Procedimiento Criminal, *supra*, y de ser así, tampoco fueron presentadas antes de que se dictara la correspondiente *Sentencia*.

Aun si realizáramos un análisis liberal a las alegaciones del Peticionario, donde nos expone que le fabricaron un caso, no se realizó una investigación y sobre abuso de poder, este no nos pone en posición para determinar que procede la solicitud de un nuevo juicio al amparo de la Regla 192 de Procedimiento Civil, *supra*. En el recurso solo se incluyeron varias comunicaciones que fueron firmadas por el Peticionario y que datan del 2008. Sin embargo, no podemos establecer si dichas comunicaciones fueron consideradas como evidencia la etapa de juicio en contra del Peticionario y mucho menos que constituye un hallazgo de evidencia nueva, que dé lugar a la celebración de un nuevo juicio. Por tanto, procede la desestimación del recurso ante nos.

**Además, es meritorio señalar que antes de acudir ante este foro revisor, el Peticionario debía presentar ante el foro primario una moción fundamentada, acompañada de evidencia que tienda a demostrar que es merecedor de la celebración de**

**un nuevo juicio y** _**que no ha transcurrido el término dispuesto en Ley.**_ Por tanto, al amparo de la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, _supra,_ desestimamos el caso de epígrafe, por falta de jurisdicción.

**IV.**

Por los fundamentos expuestos, **desestimamos** el auto de _certiorari,_ por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones