ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| JOSÉ D. SANTIAGO TORRES | | |
|---|---|---|
| Apelante | | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce |
| v. | KLAN202400834 | |
| YAUCO HEALTHCARE CORPORATION Y OTROS | | Caso Núm.: SJ2019CV11673 |
| Apelados | | Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 17 de octubre de 2024.

Este recurso de *Apelación* fue presentado el pasado 9 de septiembre de 2024, por el Sr. José D. Santiago Torres, por su propio derecho, en adelante Sr. Santiago o apelante. Este ha sido uno de múltiples recursos que en este caso ha presentado dicho apelante, y ha estado representándose por derecho propio en todos ellos.

Aquí se recurre contra una sentencia emitida el 19 de agosto de 2024 y notificada a las partes el 20 de agosto de 2024, por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI o foro primario). Mediante referida decisión el foro primario decretó el Archivo Sin Perjuicio de la Demanda presentada por el señor José D. Santiago Torres por su "incumplimiento de forma reiterada las órdenes de este Tribunal."

En su recurso, el apelante expuso que había notificado el recurso a todas las partes por conducto de sus abogados y

Número Identificador
SEN2024 _____

certificó haber notificado a: Tribunal de Primera Instancia Superior de Ponce núm. SJ2019CV11673 (605)

b. CERTIFICADO NÚM:

c. Tribunal Apelativo caso KLAN

Certificado núm….

Lcda. Gloria M. De Corral Hernández GDECORRAL@DCMLAW.COM 130 Eleanor Roosevelt, San Juan, PR 00918-3105.

Lcda. Litza Meléndez Reyes Vivas 3 vivas apartado 33 0951, Ponce, PR 00733-951. (sic)

Lcdo. Reinaldo Calderón Jiménez, P.O. Box 195659, San Juan, P.R. 00919-5659

En Ponce, P.R. a 3 de agosto de 2024.

DEMANDANTE

Firma de José D. Santiago Torres

JOSE D. SANTIAGO TORRES 2817 Calle SAN FRANCISCO, URB. CONSTANCIA PONCE, P. R. 00717-2207 TEL787-844-4297.

El mismo 9 de septiembre presenta otra moción el apelante y con el Título Moción Informativa se Notificó Apelación a Partes, hizo la misma certificación que antes hemos repetido y añadió: Que en el presente caso se remitió un sello bancario de Hacienda por $102.00.

Y al final de dicha moción, certificó haber enviado copia fiel y exacta del presente escrito al (sic) A 3 de agosto de 2024, escribió DEMANDANTE y debajo su firma y debajo de la firma su nombre y dirección como antes lo hemos trascrito.

Mediante resolución del 17 de septiembre de 2024, indicamos:

"Presentado recurso de *Apelación* el 9 de septiembre de 2024, en caso de epígrafe, se ordena que proceda la parte

Apelada a presentar su posición en cuanto al mismo, conforme dispone la Regla 22 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 22. Ello, en o antes del 30 de septiembre de 2024. De no presentarse en dicha fecha, se entenderá perfeccionado el recurso para su adjudicación final."

Luego, el apelante, mediante otra Moción presentada el 20 de septiembre de 2024, volvió a certificar lo antes certificado en escritos anteriores ya expresados.

El 25 de septiembre de 2024, el Hospital Damas, Inc. por conducto del Lcdo. Reinaldo Calderón Jiménez, presenta Moción Solicitando Desestimación de Apelación. El 30 de septiembre de 2024 mediante Resolución se expresa y citamos:

"Evaluada la *Moción Solicitando Desestimación de Apelación,* presentada por Hospital Damas, Inc. uno de los apelados, el 25 de septiembre de 2024, en caso de epígrafe, se ordena que proceda la parte Apelante a presentar su posición en cuanto a dicho reclamo para desestimar el recurso presentado, conforme los términos que dispone la Regla 22 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 22. Ello, en o antes del 25 de octubre de 2024. De no presentarse en dicha fecha, se entenderá perfeccionado el recurso para su adjudicación final."

El 30 de septiembre de 2024 se presentó por otra parte apelada, Yauco Healthcare Corporation, el escrito, Moción Uniéndose A Moción Solicitando Desestimación de Apelación.

Mediante Resolución del 1 de octubre de 2024 indicamos:

"Evaluada la *Moción Uniéndose a Moción Solicitando Desestimación de Apelación,* presentada por Yauco Healthcare Corporation, uno de los apelados, el 30 de septiembre de 2024, en caso de epígrafe, se ordena que las partes vean Resolución del

30 de septiembre de 2024, la que está en pleno vigor. De no presentarse el escrito ordenado al apelante, en la fecha indicada, procederemos a adjudicar la Moción Solicitando Desestimación de Apelación, sin más escritos."

El 3 de octubre de 2024, la parte apelante comparece por escrito que titula: Moción Oposición A Moción de Desestimación Hospital de Damas, la que expresa en su texto que reproducimos íntegramente por lo corto:

"1-Que la demandada al igual que su aseguradora Liberty acostumbran inventarse recursos frívolos y usan la mentira, se inventaron emplazamientos fantasmas de un origen del momento de la radicación y ahora mienten de que no recibieron notificaciones que se le envían no certificadas, por lo cual no hay evidencia de la notificación, solo nuestro argumento de que fueron notificadas y por ello en la Apelación se certificó en documento adjunto de que se notificaron las partes a sus respectivas direcciones.

2-Que se inventan una moción de 9 páginas en su empeño de mentir y elabora una razón falsa, que no se le notificó.

3-Que buscaron todas las decisiones sobre la materia para darle credibilidad a su mentira.

4- Que hace historia de otros casos anteriores para tratar de desacreditar al demandante todo impertinente a este caso.

5-Que el Apelativo tiene que haberles notificado de la radicación, por lo cual no han tenido excusas de notificación.

6-Que por SUMAC también se le notificó.

7-**Que ninguna otra parte se ha quejado, de no haber recibido notificaciones, por lo cual no hay razón alguna para desestimar**. (énfasis en el original)

8-Que la demandada es la responsable de todos los danos (sic) sufridos por el demandante y se excusa de mil maneras y su aseguradora para no responder.

9-Que la aseguradora Liberty es responsable de los daños causados por la Demandada Hospital de Damas, que no menciona como criminalmente inyectaron a un envejeciente y atacado por la espalda y lacerado."

El 7 de octubre de 2024 la parte Apelante comparece por otro escrito titulado Moción Oposición A Moción de Desestimación Yauco Healthcare Corp., el que también citamos, por lo corto, íntegramente:

1. Que la demandada al igual la demandada Hospital Damas, acostumbran inventarse recursos frívolos y usan la mentira, se inventaron emplazamientos fantasmas de un origen del momento de la radicación y ahora mienten de que no recibieron notificaciones que se le envían no certificadas, por lo cual no hay evidencia de la notificación, solo nuestro argumento de que fueron notificadas y por ello en la Apelación se certificó en documento adjunto de que se notificaron las partes a sus respectivas direcciones.

2. Que la demandada una vez vio la Moción de Hospital Damas dijo aquí me pego yo.

3. Que el Apelativo tiene que haberles notificado de la radicación, por lo cual no han tenido excusa de notificación.

4. Que por SUMAC también se les notificó. Que el Apelativo les notificó.

5. Que la tercera parte no se ha quejado, de no haber recibido notificaciones, por lo cual no hay razón alguna para desestimar.

6. Que hay un dicho que dice: del árbol caído todos hacen ramas, la demandada no se había quejado y ve un remedio útil unirse a lo que otro alega.

7. Solo Dios sabe la verdad y yo.

8. Cuantas veces antes se habían quejado dos partes???, de no ser notificadas??

El 9 de octubre de 2024 la parte Apelante comparece por otro escrito titulado Moción Oposición A Moción de Desestimación Yauco Healthcare Corp., el que también citamos, por lo corto, íntegramente:

1. Que el recurso objeto de la alegada desestimación, fue radicado sin el que Tribunal Superior adjudicara la Moción de Reconsideración.

2. Que se somete la Moción de Reconsideración que no ha sido resuelta, por carecer de jurisdicción, porque le aplica el mandato de la Apelación.

3. Que no es entendible como ahora que una parte radica una moción después de tanto tiempo, otra parte hace eco.

En esta última Oposición, antes transcrita, la parte apelante reclama que su recurso de desestimación es prematuro, pues el TPI no ha resuelto aún la Moción de Reconsideración que el mismo presenta en el TPI bajo el título de Moción de Reconsideración de Sentencia del 19 de agosto de 2024, y dicha reconsideración está fechada en el escrito el 30 de agosto de 2024.

Una búsqueda en SUMAC sobre dicho caso ante el TPI, refleja que esa Moción de Reconsideración se presentó el 3 de septiembre de 2024. La Sentencia contra la que se presenta, fue notificada a las partes por la secretaría del TPI el 20 de agosto de

2024. Ante ello se presentó dentro de los 15 días que dispone la Regla 47 de las Reglas de Procedimiento Civil vigentes[1].

Una detallada búsqueda en SUMAC refleja que fue atendida, pero encontramos que se atendió con un Enterado y esa es la única Resolución que aparece emitida y notificada el 4 de septiembre de 2024 sobre esa Moción.

Ante ello nos requiere evaluar el derecho aplicable de nuestra jurisdicción para determinar si podemos atender este recurso. Al evaluar el derecho aplicable, procede desestimarlo por prematuro. Veamos.

**I.**

**A.**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias con efecto vinculante para las partes. MCS Advantage, Inc. v. Fossas Blanco, et al., 211 DPR 135 (2023); Adm. Terrenos v. Ponce Bayland, 207 DPR 586, 600 (2021); Allied Mgmt. Group v. Oriental Bank, 204 DPR 374, 385-386 (2020); Beltrán Cintrón et al. v. ELA et al., 204 DPR 89, 101 (2020).

Se ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con ésta son privilegiados y deben atenderse con prioridad. Torres Alvarado v. Madera Atiles, 202 DPR 495 (2019). Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. Torres Alvarado v. Madera Atiles, *supra*; Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254 (2018); Horizon v. Jta. Revisora, RA Holdings, 191 DPR 228, 233–234 (2014). Al

---

[1] 32 LPRA Ap. V Regla 47.

cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará con rigurosidad el asunto jurisdiccional como parte de su deber ministerial, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. Torres Alvarado v. Madera Atiles, *supra*; Ruiz Camilo v. Trafon Group, Inc., *supra*; Constructora Estelar v. Aut. Edif. Púb., 183 DPR 1, 22 (2011); Souffront v. A.A.A., 164 DPR 663, 674 (2005). De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Torres Alvarado v. Madera Atiles, *supra*; Ruiz Camilo v. Trafon Group, Inc., *supra*; Mun. de San Sebastián v. QMC Telecom, 190 DPR 652, 660 (2014).

**B.**

La Regla 52.2 (a) de las de Procedimiento Civil de Puerto Rico indica que los recursos de apelación para revisar sentencias deberán ser presentados dentro del término jurisdiccional de treinta (30) días, contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado. 32 LPRA Ap. V. Este término de treinta (30) días se puede interrumpir, según lo indica la Regla 52.2 (e) de Procedimiento Civil, por la oportuna presentación de una moción de reconsideración a tenor con la Regla 47 de Procedimiento Civil. *Íd*. En ese tenor, la Regla 47, en lo aquí pertinente indica:

[……..]

La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.

Una vez presentada la moción de reconsideración quedaran interrumpidos los términos para recurrir en

alzada para todas las partes. Estos términos comenzaran a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.

Como principio general del derecho, los tribunales tienen el poder inherente de reconsiderar sus determinaciones, a solicitud de parte o motu proprio, mientras conserven jurisdicción sobre los casos. Báez Figueroa v. Adm. Corrección, 209 DPR 288, 302 (2022); Pueblo v. Silva Colón, 184 DPR 759 (2012).

Así pues, la Regla 47 es una herramienta que permite que el foro adjudicativo enmiende o corrija los errores incurridos al dictar una sentencia, resolución u orden, la presentación de la moción de reconsideración repercute en la interrupción automática del término para invocar el socorro de un foro revisor. Simons y otros v. Leaf Pretroleum, 209 DPR 216, 224 (2022). Salvo mociones escuetas y sin fundamentos de clase alguna, una moción que razonablemente cuestiona la decisión y la cual fundamente su planteamiento, será suficiente para cumplir con la Regla 47. Id, pág. 225. El plazo para acudir en alzada vuelve a transcurrir una vez se archive en autos copia de la notificación de la resolución que resolvió la moción de reconsideración. Id.

El término "Enterado" no resuelve una Moción de Reconsideración, aunque esta sea escueta y sin fundamentos válidos. En Simons y otros v. Leaf Pretroleum, supra, a la página 224, nuestro Tribunal Supremo expresa sobre la forma de atender una Moción de Reconsideración: "…una vez que el foro adjudicativo evalúe que la presentación y la notificación fueron oportunas, resta que examine la particularidad y especificidad de los hechos y el derecho que el promovente entiende que el Tribunal debe reconsiderar."

**C.**

Conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos, una vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la inmediata desestimación del recurso apelativo. S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873, 883 (2007). Una apelación o un recurso prematuro, al igual que uno tardío, sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. S.L.G. Szendrey-Ramos v. F. Castillo, supra; Juliá et al. v. Epifanio Vidal, S.E., 153 DPR 357, 366 (2001).

La Regla 83(C) de nuestro Reglamento, 4 LPRA Ap. XXII, nos faculta también para desestimar un recurso de apelación o denegar un auto discrecional, entre otras razones, cuando carecemos de jurisdicción.

**II.**

Según el trasfondo procesal aquí narrado, el señor Santiago Torres acudió a nuestro foro el pasado 9 de septiembre de 2024, para que revisemos la sentencia parcial emitida por el TPI el 19 de agosto de 2024 y notificada a las partes el 20 de agosto de 2024. El señor Santiago Torres solicita Reconsideración e 3 de septiembre de 2024. Al contestar dicha solicitud de reconsideración, el foro primario solo contesta "Enterado". Ello no es una decisión a la petición señor Santiago Torres. La Moción del Apelante se presentó a tiempo en el TPI y aún no ha sido resuelta, según surge de la búsqueda en SUMAC.

Como vemos, el Tribunal no ha contestado si concede o no la reconsideración solicitada. Esa contestación de "enterado" tiene el efecto de interrumpir el término para solicitar revisión del

dictamen que se cuestiona. Así que, hasta tanto no culmine el procedimiento ante el TPI, no comienza a transcurrir el término para acudir a este foro intermedio. Consecuentemente, el recurso que presentó el señor Santiago Torres el 9 de septiembre de 2024 resulta prematuro.

### III.

Por los fundamentos aquí expresados, se DESESTIMA la apelación, conforme nos faculta la Regla 83 (B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones