| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL XI | | |
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>LEMUEL FELICIANO SILVA<br><br>Peticionario | KLCE202500156 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo |

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de febrero de 2025.

Comparece ante nos, por derecho propio, el señor Lemuel Feliciano Silva ("señor Feliciano") mediante un documento sin título clasificado como *certiorari* y con denominación alfanumérica KLCE202500156, recibido el 13 de febrero de 2025. Por virtud de este, solicita que invalidemos la determinación del Tribunal de Primera Instancia, Sala de Fajardo ("foro primario") en la que se le revocó la probatoria del señor Feliciano.

Examinado el recurso, al amparo de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5), prescindimos de los términos, escritos o procedimientos adicionales "con el propósito de lograr su más justo y eficiente despacho". Por los fundamentos que se exponen a continuación, **desestimamos** el presente recurso. Veamos.

### I.

### *A. Jurisdicción*

Como cuestión de umbral, antes de considerar los méritos de un recurso, a este Tribunal le corresponde determinar si posee jurisdicción para atender el recurso ante su consideración pues

"[l]os asuntos relacionados con la jurisdicción de un tribunal son privilegiados y deben atenderse con preeminencia" *Pérez Rodriguez v. López Rodriguez et al.* 210 DPR 163, 178, (2022). "[L]a jurisdicción es la autoridad con la que cuenta el tribunal para considerar y decidir los casos y controversias que tiene ante sí". *Miranda Correa v. DDEC et al.*, 211 DPR 738, 745 (2023), citando a *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). "Es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción y el foro judicial *no* tiene discreción para asumir jurisdicción allí donde no la hay". *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101 (2020). Esto nos impone el deber de examinar la jurisdicción antes de expresarnos.

Cuando los tribunales carecen de jurisdicción deberán así declararlo y desestimar el recurso. *Íd.,* pág. 102.

Sobre ello, nuestra máxima Curia ha expresado lo siguiente:

> Reiteradamente hemos expresado que la ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Íd.,* págs. 101-102. (Comillas y citas omitidas).

Como corolario de ello, la Regla 83(C) del Tribunal de Apelaciones, *supra,* nos faculta, a iniciativa propia, a desestimar un recurso por falta de jurisdicción. Una apelación o un recurso prematuro, al igual que uno tardío, "sencillamente adolece del **grave e insubsanable** defecto de privar de jurisdicción al tribunal al cual se recurre". *Consejo Titulares v. MAPFRE,* 215 DPR__ (2024) 2024 TSPR 140, pág. 18 citando *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366 (2001).

### B. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido". *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023). Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Torres González v. Zaragoza Meléndez, supra*; *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Cuando el auto de *certiorari* es de índole criminal, este debe incluir como mínimo la denuncia y la acusación, si la hubiere. Además, debe incluir la decisión cuya revisión se solicita y cualquier documento que forme parte del expediente del Tribunal de Primera Instancia que discuta expresamente el asunto planteado ante el foro apelativo o que pueda ser útil para la resolución de la controversia. 4 LPRA Ap. XXII-B, R. 34(E). La parte peticionaria tiene la obligación de proveer un apéndice con todos los documentos relevantes, de modo que este Foro pueda ejercer su función revisora adecuadamente. La omisión de los documentos relevantes impide que se perfeccione el recurso para la revisión de este Tribunal y nos priva de jurisdicción.

Sobre estos requisitos, nuestro Tribunal Supremo ha establecido que las partes tienen el deber de observar rigurosamente las disposiciones reglamentarias, de manera que puedan presentar y perfeccionar su recurso oportuna y adecuadamente. Véase, *M-Care Compounding Pharmacy et als. v. Depto. De Salud et al.*, 186 DPR 159, 176 (2012). Asimismo, se ha establecido que no se justifica el incumplimiento con los requisitos reglamentarios por el solo hecho de que los litigantes comparezcan por derecho propio. Véase, *Febles v. Romar*, 159 DPR 714, 722 (2003). De lo contrario, puede acarrear la desestimación.

**II.**

Expuesto el marco jurídico y examinado el expediente bajo consideración, procedemos a disponer del presente recurso. De una evaluación del escrito presentado por el señor Feliciano únicamente se desprende una solicitud a los efectos de que revirtamos una determinación que revocó su probatoria. No surge señalamientos de error ni la discusión de estos, ni tampoco se incluyó la decisión cuya revisión se solicita o cualquier documento que forme parte del expediente del foro primario que discuta expresamente el asunto

ante nos. En fin, el recurso ante nuestra consideración **incumple totalmente** con la Regla 34 de nuestro Reglamento.

Por lo tanto, por virtud de la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra,* procedemos a desestimar el presente recurso puesto que el mismo no satisface los requisitos reglamentarios para el perfeccionamiento de un recurso de *certiorari.*

### III.

Por los fundamentos expuestos, **desestimamos** el recurso de epígrafe, por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones