Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| JUNTA EXAMINADORA DE PUERTO RICO<br><br>Recurrida<br><br>v.<br><br>DR. GABRIEL PADILLA VILLANUEVA<br><br>Recurrente | KLRA202400153 | *REVISIÓN JUDICIAL* Procedente del Departamento de Salud, Junta Dental Examinadora de Puerto Rico<br><br>Caso Núm.: Q-ORCPS DEN 2021-431<br><br>Sobre: Proceso Investigativo por Impericia Profesional |
|---|---|---|

Panel integrado por su presidenta, la Jueza Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 31 de mayo de 2024.

Comparece ante nos el doctor Gabriel Padilla Villanueva ("Dr. Padilla Villanueva" o "Recurrente") mediante recurso intitulado *Revisión de Decisión Administrativa*, presentado el 25 de marzo de 2024. Nos solicita que revisemos la *Resolución* emitida el 17 de enero de 2024, notificada al día siguiente, por la Junta Dental Examinadora de Puerto Rico ("Junta Dental" o "agencia recurrida"). Por virtud de la misma, la Junta Dental encontró causa suficiente para iniciar un proceso disciplinario formal contra el Recurrente

Por los fundamentos expuestos a continuación, **desestimamos** el recurso de epígrafe, por falta de jurisdicción.

## I.

El 25 de agosto de 2021, el señor David Oliveras Rivera ("señor Oliveras") presentó *Queja[1]* ante la Junta Dental contra el Dr. Padilla Villanueva por alegadamente este incumplir con la reparación de dos muelas. Particularmente, cuestionó el retraso del

---

[1] Apéndice del recurso, págs. 36-38

Número Identificador

SEN(RES)2024_____

procedimiento de las coronas permanentes que debían ser colocadas y no haber reparado ciertas piezas dentales que se encontraban partidas. De igual forma, arguyó en la queja que el Dr. Padilla Villanueva se comportó de manera hostil, amedrentándolo y humillándolo.

Así las cosas, la Junta Dental citó al Recurrente para Vista Investigativa, a celebrarse el 13 de mayo de 2022.[2] En respuesta, el 4 de mayo de 2022, el Dr. Padilla Villanueva sometió un escrito intitulado *Moción de Desestimación; Suspensión de Vista y Asumir Representación Legal.* Mediante este, arguyó que el señor Oliveras presentó una *Querella*[3] ante la Oficina del Procurador del Paciente sobre los mismos hechos alegados en la queja sometida ante la Junta Dental. Sostuvo, además, que los trámites ante la Oficina del Procurador del Paciente se encontraban más adelantados, y que continuar con ambos procedimientos podría culminar con determinaciones inconsistentes. Por tanto, solicitó la desestimación que la queja ante la Junta Dental.

Transcurridos varios trámites, el 17 de enero de 2024, notificada al día siguiente, la Junta Dental emitió la *Resolución*[4] recurrida. Entre otros asuntos, la Junta Dental desestimó las alegaciones de la querella relacionadas a la impericia profesional del Dr. Padilla Villanueva por el alegado retraso en la colocación de coronas permanentes al señor Oliveras. En cuanto a las alegaciones relacionadas a la conducta negligente y/o impropia o constitutiva de conducta no profesional por los hechos ocurridos el 22 de junio de 2021, la Junta Dental determinó que había razón o causa suficiente para **iniciar un procedimiento formal** disciplinario en contra del Recurrente.

---

[2] Apéndice del recurso, págs. 39-40.
[3] Apéndice del recurso, págs. 45-51.
[4] Apéndice del recurso, págs. 1-17.

Inconforme con la determinación, el Recurrente presentó el 7 de febrero de 2024 *Moción de Reconsideración*. No habiendo sido atendida por la agencia recurrida, el Recurrente oportunamente acude ante esta Curia y esboza el siguiente señalamiento de error:

> Erró la Junta Dental en sus determinaciones de hechos y conclusiones de derecho sobre las alegaciones en contra del Dr. Padilla de conducta negligente y/o contraria a la mejor práctica de la medicina dental y/o impropia y constitutiva de conducta no profesional ocurrido en la vista del 22 de junio de 2021, y que por ello encontraba causa o razón suficiente para iniciar un procedimiento forma disciplinario, para la suspensión, cancelación o revocación de la licencia y/o la imposición de cualquier penalidad reconocida por ley y/o reglamento.

El 4 de abril de 2024, esta Curia emitió *Resolución,* concediendo a la Junta Dental un término de treinta (30) días para expresarse en torno al recurso presentado. Posteriormente, el 13 de mayo de 2024, la Juntal Dental, por conducto de la Oficina del Procurador General de Puerto Rico, presentó un documento intitulado Escrito en cumplimiento de Resolución y solicitud de desestimación.

Contado con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

## II.

### A. *Jurisdicción*

Como cuestión de umbral, antes de considerar los méritos de un recurso, a este Tribunal le corresponde determinar si posee jurisdicción para atender el recurso ante su consideración. *SLG Solá-Moreno et al v. Bengoa Becerra,* 182 DPR 675, 682 (2011). "[L]a jurisdicción es la autoridad con la que cuenta el tribunal para considerar y decidir los casos y controversias que tiene ante sí". *Miranda Correa v. DDEC et al.*, 211 DPR 738 (2023), citando a *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). "Es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción y el foro judicial *no* tiene discreción para asumir

jurisdicción allí donde no la hay". *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101 (2020); *García Ramis v. Serrallés,* 171 DPR 250, 254 (2007). Esto nos impone el deber de examinar la jurisdicción antes de expresarnos.

Cuando los tribunales carecen de jurisdicción deberán así declararlo y desestimar el recurso, "pues la falta de jurisdicción no es susceptible de ser subsanada". *Báez Figueroa v. Adm. Corrección,* 209 DPR 288 (2022); *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855-856 (2009). Sobre ello, nuestra máxima Curia ha expresado lo siguiente:

> Reiteradamente hemos expresado que la ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Beltrán Cintrón et al. v. ELA et al., supra,* págs. 101-102 (Comillas y citas omitidas). Véase, además, *SLG Solá-Moreno et al. v. Bengoa Becerra, supra,* pág. 682.

Como corolario de ello, la Regla 83(C) del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), nos faculta, a iniciativa propia, a desestimar un recurso por falta de jurisdicción. "Una apelación o un recurso prematuro, al igual que uno tardío, sencillamente adolece del **grave e insubsanable** defecto de privar de jurisdicción al tribunal al cual se recurre". *Juliá et al v. Epifanio Vidal, SE,* 153 DPR 357, 366 (2001).

### B. *Revisión de las determinaciones administrativas*

El Artículo 4.006 de la *Ley de la Judicatura de Puerto Rico,* Ley Núm. 22 de agosto de 2003, según enmendada, ("Ley de la Judicatura"), dispone que el Tribunal de Apelaciones tiene competencia para revisar, mediante un recurso de revisión judicial,

"las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". 4 LPRA sec. 24u. Asimismo, la precitada Ley establece que el procedimiento de revisión judicial se llevará a cabo conforme a las disposiciones de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38 de 30 de junio de 2017, según enmendada ("LPAU"), 3 LPRA sec. 9601 *et seq.* Esta última establece, en su Sección 4.2, que la revisión judicial de las determinaciones administrativas están sujeta al cumplimiento con dos requisitos: (i) la parte adversamente afectada por la orden o resolución haya agotado los remedios provistos por la agencia y (ii) **que la orden o resolución sea final, y no interlocutoria**. (Énfasis nuestro). 3 LPRA sec. 9672. Véase, además, *AAA v. UIA,* 199 DPR 638, 657 (2018).

Nuestro Tribunal Supremo ha expresado que:

> Aunque la LPAU no provee una definición puntual para lo que constituye " 'orden, resolución o providencias adjudicativas finales" — contrario a lo que ocurre con otros términos—, sí se provee una descripción de lo que debe contener este tipo de dictamen.[11] A saber, incluir y exponer de forma separada "determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión según sea el caso. La orden o resolución deberá ser firmada por el jefe de la agencia o por cualquier otro funcionario autorizado por ley". *AAA v. UIA, supra,* págs. 657-658.

No empece que la LPAU establece la definición específica del término orden o resolución final, la misma dispone claramente en la Sección 3.14 los requisitos que debe contener. 3 LPRA sec. 9654. Además, el Tribunal Supremo ha sido enfático y ha reiterado que una orden o resolución final será "se trata de aquella determinación de la agencia administrativa que pone fin a los procedimientos en un foro determinado y tiene un efecto sustancial para las partes". *AAA v. UIA, supra.* En vista de lo anterior, **si no se recurre de una orden o resolución final, el Tribunal de Apelaciones carece de**

**jurisdicción y está impedido de revisar la decisión administrativa.**

**III.**

Antes de entrar en los méritos de los reclamos presentados por la parte aquí Peticionaria, este foro tiene el deber ineludible de auscultar si ostenta jurisdicción sobre el caso ante su consideración. *SLG Solá-Moreno et al v. Bengoa Becerra, supra.* Efectuado tal ejercicio, notamos que esta Curia carece de jurisdicción para atender el presente caso, por tal razón, nos tenemos otra alternativa que desestimarlo.

En el presente recurso, la parte Recurrente nos solicita que revoquemos la *Resolución* emitida por la Junta Dental, alegando que la misma no es correcta en derecho y procede la desestimación total de la querella instada en su contra. De una lectura a la Resolución aquí cuestionada, notamos que esta es una interlocutoria, puesto que no resuelve de manera final la controversia sobre si el Recurrente actuó de una manera negligente y/o contraria a la mejor practica de la medicina dental. El dictamen recurrido claramente establece sobre la determinación interlocutoria de iniciar un proceso contra el Recurrente, y citamos:

> [...] la Junta Examinadora encuentra razón o causa suficiente para iniciar in procedimiento formal disciplinario en contra del Dr. Gabriel Padilla Villanueva. En su consecuencia, se ordena el inicio de un procedimiento de querella formal contra el profesional de epígrafe para la suspensión, cancelación o revocación de la licencia y/o la imposición de cualquier otra penalidad reconocida por ley y/o reglamento.

Como bien nos alega la Junta Dental, la determinación de la que aquí se recurre no puede ser revisable por este foro. Nuestro Tribunal Supremo ha reiterado que una orden o resolución final será "se trata de aquella determinación de la agencia administrativa **que pone fin** a los procedimientos en un foro determinado y tiene un efecto sustancial para las partes". *AAA v. UIA, supra.* En el presente caso, tenemos ante nuestra consideracion una determinación

interlocutoria por parte de la agencia, estamos impedidos a entender los méritos de los reclamos planteados por el Dr. Padilla Villanueva, y procede la desestimación del recurso.

**IV.**

Por los fundamentos antes expuestos, **desestimamos** el recurso de epígrafe, por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones