Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| NAYDA SAURÍ DÁVILA Recurrente v. POWER MOTOR & PARTS, INC. Recurrida | KLRA202500172 | Revisión Judicial Procedente del DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR Caso Núm.: SAN-2024-0019156 Sobre: Ley Núm. 5 de 23 de abril de 1973 (Ley Orgánica de DACO) |
|---|---|---|

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de mayo de 2025.

El 24 de marzo de 2025, la Sra. Nayda Saurí (en adelante, señora Saurí o la parte recurrente) compareció ante este Tribunal de Apelaciones y presentó una *Revisión de Decisión Administrativa*. En esta, nos solicita la revocación de la *Resolución de Reconsideración* emitida el 20 de febrero de 2025, por el Departamento de Asuntos del Consumidor (en adelante, DACo). Por virtud del aludido dictamen, el DACo dejó sin efecto la *Resolución* que había emitido en el caso el 5 de febrero de 2025, y citó a las partes de epígrafe a una vista administrativa.

Estudiado el legajo apelativo y conforme al derecho que más adelante exponemos, conforme a las disposiciones de la Regla 83(C) de nuestro Reglamento, 4 LPRA Ap. XXII-B, **desestimamos** el recurso. Veamos.

I.

El 3 de julio de 2024, la señora Saurí presentó ante el DACo una *Querella* en contra de Power Motor & Parts, Inc. (en adelante, Power Motor

o la parte recurrida). Allí, alegó que le compró a Power Motor un motor para su vehículo marca Kia, modelo Sportage del año 2013 por una suma de $3,300.00. No obstante, indicó que la unidad estaba defectuosa llevándola en tres (3) ocasiones a Power Motor para su arreglo sin lograr que se corrigieran lo defectos del motor. Por esta razón, solicitó la devolución del dinero pagado. En la misma fecha, el DACo emitió la correspondiente *Notificación de Querella*.

El 5 de febrero de 2025, el DACo emitió una *Resolución*. En esta, indicó que la parte recurrida no compareció a la vista administrativa a pesar de haber sido debidamente citada, por lo que dicha audiencia se llevó a cabo en rebeldía. En este dictamen, el DACo formuló trece (13) determinaciones de hechos y basándose en estas, concluyó que Power Motor fue negligente en el cumplimiento de sus obligaciones al vender e instalar un motor con serios defectos. Así pues, declaró Ha Lugar la *Querella* y ordenó a la parte recurrida a reembolsar a la señora Saurí la suma de $3,300.00, más el interés legal correspondiente.

Según surge de la *Resolución en Reconsideración* emitida por el DACo el 20 de febrero de 2025, Power Motor solicitó reconsideración del antes mencionado dictamen excusándose por su incomparecencia. Asimismo, solicitó la celebración de una nueva vista administrativa. Tras evaluar el expediente administrativo, la agencia concedió la reconsideración sometida, dejó sin efecto la *Resolución* emitida el 5 de febrero de 2025, y ordenó la celebración de una vista administrativa.

Inconforme, el 24 de marzo de 2025, la señora Saurí instó el recurso de epígrafe y le imputó al DACo la comisión de los siguientes errores:

> Primer Error: Erró el Departamento de Asuntos del Consumidor (DACo) al aceptar la contestación y la reconsideración de una corporación y acogerla, conociendo que la parte querellada no estaba representada por abogado o abogada, según lo establecen tanto el *Reglamento de Procedimiento Adjudicativos del DACo* (Reglamento 8034) como la Ley de Procedimiento Administrativo Uniforme, (Ley 38-2017).

> Segundo Error: Erró el DACo al no permitir mediante *Orden* específica al respecto, que una parte adversamente afectada por una *Resolución y Orden* pudiera presentar una Reconsideración, teniendo derecho a ello, según el derecho vigente y como parte de su derecho al debido procedimiento de ley procesal.

Atendido el recurso, el 26 de marzo de 2025, emitimos una *Resolución* en la que le ordenamos a la parte recurrente evidenciar el cumplimiento con lo dispuesto en la Regla 58 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R.58. Oportunamente, el 28 de marzo de 2025, la señora Saurí presentó una *Moción en Cumplimiento de Orden* en la cual evidenció la notificación de su recurso a Power Motor, así como al DACo, el 24 de marzo de 2025. En consideración de este escrito, el 31 de marzo de 2025 dimos por cumplida nuestra *Resolución* del 26 de marzo del año en curso. A su vez, concedimos a la parte recurrida el término dispuesto en el Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, para que presentara su posición.

El 10 de abril de 2025, la señora Saurí presentó una *Moción Solicitando Orden en Auxilio de Jurisdicción*. En esencia, señaló que aceptar la *Contestación a Querella* y la *Reconsideración* presentada por Power Motor era una actuación *ultra vires* del DACo, puesto que no estaba representado por abogado. Sostuvo que dichas acciones podían menoscabar sus derechos. Por ello, solicitó que este Tribunal de Apelaciones emitiera una *Orden* a los fines de prohibir, suspender o limitar las actuaciones del DACo. Examinada la moción en auxilio de jurisdicción, el 11 de abril de 2025, este tribunal apelativo la declaró No Ha Lugar.

Por su parte, el 1 de mayo de 2025, la parte recurrida solicitó una extensión del término concedido para poder presentar su alegato en oposición. Habiéndosele concedido el tiempo adicional, el 19 de mayo de 2025, Power Motor presentó su *Alegato en Oposición*.

Así pues, con el beneficio de la comparecencia de las partes, damos por sometido el asunto, exponemos el derecho aplicable y procedemos a resolver.

## II.

### *A.*

Es norma hartamente conocida y reiterada en nuestro ordenamiento jurídico que los foros apelativos deben conceder amplia deferencia a las decisiones administrativas debido a la experiencia y pericia que estos organismos, presumiblemente tienen respecto a las facultades que se les han delegado. Otero Rivera v. Bella Retail Group, Inc., 2024 TSPR 70, 214 DPR ____, al citar a Graciani Rodríguez v. Garage Isla Verde, 202 DPR 117, 126 (2019) y Rolón Martínez v. Supte. Policía, 201 DPR 26, 35 (2018).[1]

La competencia de este Tribunal de Apelaciones para revisar las actuaciones administrativas está contemplada en la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley 38-2017, 3 LPRA Sec. 9601, *et seq.* A tales efectos, la Sección 4.1 de la LPAU dispone sobre la revisión judicial que las disposiciones de dicha ley serán aplicables a aquellas órdenes, resoluciones y providencias adjudicativas **finales** dictadas por agencias, las que serán revisadas por el Tribunal de Apelaciones mediante Recurso de Revisión.[2]

Asimismo, la Sección 4.2 de la LPAU establece que la parte adversamente afectada por una orden o resolución **final** de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión dentro de treinta (30) días contados a partir de la fecha de archivo en autos de la notificación de la orden o resolución final.[3]

---

[1] Reconocemos que recientemente el Tribunal Supremo Federal emitió una decisión en la que cuestionó gran parte de la jurisprudencia que dirige el proceso de revisión judicial que efectúan los tribunales sobre las decisiones administrativas. Particularmente, en cuanto a la deferencia que estas merecen al interpretar un estatuto ambiguo. Véase Loper Bright Enterprises et al., v. Raimondo, 603 US 799 (2024). No obstante, es nuestro parecer que las circunstancias particulares del caso ante nuestra consideración no requieren que profundicemos sobre los fundamentos consignados en la mencionada decisión.
[2] 3 LPRA Sec. 9671
[3] 3 LPRA Sec. 9672.

La revisión judicial permite a los tribunales garantizar que las agencias administrativas actúen dentro de los márgenes de las facultades que le fueron delegadas por ley. Voilí Voilá Corp. v. Mun. Guaynabo, 213 DPR 743 (2024), al citar a Comisión Ciudadanos v. G.P. Real Property, 173 DPR 998, 1015 (2008). Al ejercer la revisión judicial, los tribunales no pueden descartar de forma absoluta la determinación de una agencia, sino que primero tienen que examinar la totalidad del expediente y determinar si la interpretación de la agencia representó un ejercicio razonable de su discreción administrativa, así fundamentado en la pericia particular de esta, en consideraciones de política pública o en la apreciación de la prueba. *Íd.*, al citar a Otero v. Toyota, 163 DPR 716, 729 (2005). Ello así, puesto a que las determinaciones de los organismos administrativos están revestidas de una presunción de regularidad y corrección por su vasta experiencia y conocimiento especializado y, conforme ya citamos, merecen deferencia por parte de los foros judiciales. Otero Rivera v. Bella Retail, Group, et al., *supra*.

*B.*

La jurisdicción se refiere al poder o a la autoridad que tiene un tribunal para considerar y decidir casos o controversias. Por ello, los tribunales deben ser guardianes celosos de su jurisdicción y velar por que los recursos se perfecciones de forma que les sea posible atenderlo. Un tribunal carece de discreción para asumir jurisdicción donde no la tiene.[4] Toda cuestión jurisdiccional debe resolverse con preminencia y cuando un tribunal determina que no tiene jurisdicción sobre la materia, está obligado a desestimar el caso sin entrar en los méritos de la cuestión ante sí. *Íd.*, al citar a González v. Mayagüez Resort & Casino, 176 DPR 848, 854, 856 (2009).

---

[4] Municipio de Río Grande v. Adquisición de Finca 27.661 de la Urb. Industrial Las Flores, 2025 TSPR 36, 215 DPR ____, al mencionar a: Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254, 267 (2018); Pérez Soto v. Cantera Pérez, Inc. et al., 188 DPR 98, 105 (2013) y S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873, 882 (2007).

En lo que pertinente a la controversia que hoy nos concierne resolver, es importante denotar que, como es harto conocido, **un recurso prematuro**, al igual que uno tardío, adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. Por tanto, su presentación carece de eficacia y no produce ningún efecto jurídico, **pues en el momento de su presentación, no ha habido autoridad judicial o administrativa para acogerlo**. MMR Supermarket v. Mun. De San Lorenzo, 210 DPR 271 (2022) al citar a Juliá et al. v. Epifanio Vidal, S.E., 153 DPR 357 (2001). Cónsono con lo anterior, este Foro puede desestimar, a petición de parte, por medio de la Regla 83(B)(1) de nuestro Reglamento, o *motu proprio*, mediante la Regla 83(C), un recurso por falta de jurisdicción. *supra*.[5]

### III.

En primer lugar, la señora Saurí alega que el DACo incidió al acoger la contestación a la querella y la solicitud de reconsideración de Power Motor, puesto que dicha entidad no compareció representada por abogado o abogada. Según la parte recurrente, tal actuación violentó los preceptos establecidos en el *Reglamento de Procedimientos Adjudicativos de DACo*, Reglamento Núm. 8034, Departamento de Estado, 14 de junio de 2011 (Reglamento 8034). Por otro lado, en su segundo señalamiento de error, aduce que el DACo erró pues al actuar como hizo, le impidió presentar una reconsideración. Sostiene que dicho proceder fue contrario al derecho vigente y el debido proceso de ley.

Tal como consignamos y destacamos en el acápite -I- de esta *Sentencia*, este Tribunal de Apelaciones tiene inherencia en aquellas decisiones **finales** de las agencias administrativas. Del tracto procesal arriba relatado, surge que Power Motor no compareció a la vista

---

[5] Así pues, la precitada *Regla* dispone, entre otras cosas, que una parte podrá solicitar en cualquier momento la desestimación de un recurso, entre algunos motivos, porque el Tribunal de Apelaciones carece de jurisdicción. Asimismo, la citada regla establece que este foro apelativo podrá a iniciativa propia desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos que se consignan en su inciso (B).

administrativa inicialmente señalada en el proceso por lo que esta se celebró en rebeldía. Así pues, habiéndose celebrado esta audiencia el DACo emitió *Resolución* en la que concedió el reclamo de la peticionaria. No obstante, dentro del término que la propia LPAU le reconoce, la parte recurrida compareció ante la agencia y solicitó reconsideración de la decisión emitida. Al atender esta petición, y dentro de la discreción que le cobija, el DACo resolvió dejar sin efecto el dictamen en rebeldía y celebrar vista administrativa y permitirles a ambas partes someter su prueba.

Esta decisión, tuvo el efecto de eliminar la finalidad del dictamen previamente emitido en el caso. El DACo no ha resuelto las controversias del pleito, pues está pendiente celebrarse la vista administrativa señalada. De manera tal que no tenemos una resolución final que resuelva el asunto finalmente y active nuestra jurisdicción para evaluarla. En contrario, se solicita que revisemos la actuación **discrecional** del DACo de estimar justificada la incomparecencia de Power Motors al señalamiento del caso, dejar sin efecto la decisión tomada en rebeldía y señalar fecha para vista administrativa.

El DACo **no estaba impedido de acoger el escrito** de Power Motors, pues el mismo se sometió a tiempo.[6] Por consiguiente, el DACo estaba autorizado a acoger la comparecencia de la recurrida, atenderla y, tal como hizo, dejar sin efecto la resolución adjudicativa previamente emitida. Por lo tanto, habiéndose dejado sin efecto la resolución del caso previamente hecha por el DACo, no tenemos ante nuestra consideración una decisión administrativa final que nos autorice a intervenir. Por el contrario, carecemos de jurisdicción para hacerlo, debiéndose desestimar el recurso de epígrafe.

---

[6] Debido a lo que hoy resolvemos, no hemos pasado juicio sobre la comparecencia por derecho propio de Power Motors.

Una vez el DACo celebre la vista administrativa y adjudique las controversias, la peticionaria, de estar inconforme con lo decidido, podrá acudir ante este Tribunal de Apelaciones en un nuevo recurso de revisión judicial. Allí, inclusive, podrá traer los señalamientos de error que trajo a destiempo mediante el recurso de epígrafe. Por tanto, y tal cual nuestro Reglamento nos autoriza a hacer, desestimamos el recurso de epígrafe por no tratarse de una decisión administrativa final.

### -IV-

Por los fundamentos antes expuestos, **desestimamos** el recurso de epígrafe por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones