Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>KRISTOPHER ANTONIO GONZÁLEZ LEÓN<br><br>Peticionario | TA2025CE00133 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.<br>E LA2024G0044<br><br>Sobre: A6.05 Portación, Transportación o Uso de Armas de Fuego |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 21 de julio de 2025.

El peticionario, Kristopher Antonio González León, comparece ante nos solicitando que revisemos una *Resolución* dictada por el Tribunal de Primera Instancia, Sala Superior de Caguas, el 18 de marzo de 2025. Mediante la misma, el foro primario declaró *No Ha Lugar* a una moción intitulada *Moción en Solicitud al Artículo 6.05 Ley 168 Portación, Transportación o Uso de Arma de Fuego sin Licencia,* presentada por el peticionario.

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción.

**I**

El 23 de junio de 2025, el peticionario acudió ante nos mediante *Moción en Solicitud al Artículo 6.05 Ley 168 Portación, Transportación o Uso de Armas de Fuego sin Licencia, Enmienda a la Ley y Verificación de Sentencia.* En el pliego, sostuvo que hizo una alegación de culpabilidad, mediante la cual cumpliría una pena de catorce (14) años de reclusión. Planteó que el Tribunal de Primera Instancia, erró al no tomar en consideración una circunstancia

Número Identificador

RES2025 _____

atenuante al momento de emitir la pena por la infracción al Artículo 6.05 Ley de Armas de Puerto Rico de 2020, Ley Núm. 168 de 11 de diciembre de 2019, 25 LPRA, sec. 466 (d).

El peticionario acompañó su recurso con la *Sentencia* dictada por el foro primario el 17 de abril de 2024. De la misma surge una condena por ocho (8) cargos de tentativas al Artículo 6.08 de la Ley Núm. 168, *supra*, y un (1) cargo por infracción al Artículo 6.05 de la Ley Núm. 168, *supra*. Según reza la referida *Sentencia,* se le impuso al peticionario seis (6) meses por cada infracción al Artículo 6.08 de la Ley Núm. 168, *supra,* y catorce (14) años por la infracción al Artículo 6.05 Ley Núm. 168, *supra.* También, anejó la determinación de la cual se recurre, emitida por el foro primario el 18 de marzo de 2025, mediante la cual se declaró *No Ha Lugar* la *Moción en Solicitud al Artículo 6.05 Ley 168 Portación, Transportación o Uso de Arma de Fuego sin Licencia*, presentada por el peticionario. Destacamos que, no se acompañó al recurso copia de la aludida Moción.

Luego de examinar el expediente de autos, estamos en posición de disponer del asunto que nos ocupa.

**II**

Es por todos sabido que los tribunales de justicia deben ser celosos guardianes de su jurisdicción, estando obligados a considerar tal asunto aún en defecto de señalamiento del mismo. *Mun. Aguada v. W. Construction,* 2024 TSPR 69, 213 DPR ___ (2024); *Moreno González v. Coop. Ahorro Añasco*, 177 DPR 854, 859 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).  La jurisdicción se define como el poder o autoridad que tiene un tribunal para considerar y dirimir casos o controversias que tiene ante sí.  *Freire Ruiz et al. v. Morales, Hernández,* 2024 TSPR 129, 214 DPR ___ (2024); *R & B Power Inc. v. Junta Subastas ASG*, 213 DPR 685, 698 (2024); *Matos, Sostre v. Registradora*, 213 DPR 348,

354 (2023); *FCPR v. ELA et al*, 211 DPR 521, 529 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021).

Las cuestiones relativas a la jurisdicción son de carácter privilegiado y las mismas deben resolverse con preferencia a cualesquiera otras. *Freire Ruiz et al. v. Morales, Hernández,* supra; *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Mun. De San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014); *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 297 (2016).

La falta de jurisdicción no es susceptible de ser subsanada y, ante lo determinante de este aspecto, los tribunales pueden considerarlo, incluso, *motu proprio. Mun. De San Sebastián v. QMC Telecom,* supra, pág. 660; *García v. Hormigonera Mayagüezana,* 172 DPR 1 (2007).

Relativo a la causa que nos ocupa, nuestro ordenamiento establece que un recurso tardío adolece de grave e insubsanable defecto de falta de jurisdicción, por lo que, de cumplirse esta instancia, el mismo debe ser desestimado de plano. *Moreno González v. Coop. Ahorro Añasco,* supra*; Juliá, et als v. Epifanio Vidal,* 153 DPR 357, 366 (2001). Así pues, su presentación carece de eficacia y no produce efecto jurídico alguno, dado a que no existe autoridad judicial para acogerlo. *Empress Hotel, Inc. v. Acosta,* 150 DPR 208, 210 (2000).

En lo concerniente a la materia que nos ocupa, la Regla 32 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 42, pág. 47, 215 DPR ___ (2025), establece que la presentación de un recurso de certiorari se formalizará mediante la presentación de una solicitud dentro de los treinta (30) días siguientes a la fecha del archivo en autos de una

copia de la notificación de la resolución u orden recurrida. Este término es de cumplimiento estricto.

Cónsono con la facultad inherente que dispone este foro apelativo intermedio para auscultar los aspectos jurisdiccionales de los recursos ante su consideración, la Regla 83 del Reglamento del Tribunal de Apelaciones, supra, págs. 109-110, nos permite desestimar todo recurso presentado fuera del término reglamentario aplicable. En lo pertinente, la precitada Regla expresamente indica que:

[…]

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) que el Tribunal de Apelaciones carece de jurisdicción;

[…]

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. El tribunal no pierde jurisdicción por el incumplimiento de una parte con un requisito reglamentario que no es de naturaleza jurisdiccional o de cumplimiento estricto.

[…]

### III

Luego de examinar el escrito del peticionario, a la luz de la normativa procesal aplicable, estamos impedidos de atender el recurso presentado. Un detenido examen del expediente permite entrever que el recurso que nos ocupa es uno tardío, lo cual impide que asumamos la jurisdicción respecto a sus méritos.

En el presente caso, el peticionario recurre de una determinación notificada el **18 de marzo de 2025**. Tal cual,

expresado con anterioridad, el peticionario disponía de un término de treinta (30) días contados a partir de determinación del foro primario, para presentar el recurso de certiorari. Sin embargo, este presentó su reclamo ante este Foro **el 23 de junio de 2025[1]**, ello en exceso del término dispuesto por ley, sin expresar justa causa para el incumplimiento con el aludido término. Por tanto, concluimos que el mismo es uno tardío, hecho que nos impide considerar en sus méritos, y que sólo nos permite declarar nuestra falta de autoridad al respecto.

**IV**

Por los fundamentos que anteceden, se desestima el presente recurso de certiorari, por falta de jurisdicción.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[1] Conforme surge de la Regla 30.1 (A) del Reglamento del Tribunal de Apelaciones, supra, pág. 46, tomamos el día de la entrega del recurso a los funcionarios de la institución, como fecha en la cual se radicó el mismo.